**Balvinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75512.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Filed April 10, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard E. Oriakhi, Esq., Roman & Singh, LLP, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Anna S. Peckham, Office of the U.S. Attorney, Great Falls, MT, for Respondent.

Before: HAWKINS, McKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Balvinder Kaur, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals affirming without opinion an Immigration Judge's ("IJ") denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir.2001), we deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because the internal inconsistencies in Kaur's testimony regarding whether she was raped in custody by an Indian police officer are not minor and go to the heart of her asylum claim. *See id.* at 1043.

Additionally, substantial evidence supports the IJ's adverse credibility finding because the IJ described specific, non-verbal aspects of Kaur's demeanor that negatively affected her credibility. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005).

Because Kaur cannot meet the lower standard of eligibility for asylum, she has failed to show that she is entitled to withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Kaur has waived her claim for protection under CAT by failing to raise any arguments in her opening brief challenging the denial of this claim. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996).

To the extent that Kaur contends the IJ was biased against her, we conclude that the IJ's language did not reflect a bias against Kaur, and that, even if the IJ had been biased, Kaur failed to show that she suffered any prejudice. *See Hassan v. INS*, 927 F.2d 465, 469 (9th Cir.1991).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.